IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IHOR NAKONECZNYJ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>*Defendant*. | Civil Action No. 4:19-cv-83<br><br><br><br>JURY DEMANDED<br>FLSA COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Named Plaintiff Ihor Nakonecznyj, individually and on behalf of all others similarly situated, files this Original Complaint and states as follows:

### I.  SUMMARY

1.  This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq* ("FLSA"). Plaintiff Ihor Nakonecznyj has worked for Defendant as an hourly-paid, non-exempt and admittedly overtime eligible worker during the past three years and throughout the recoverable statutory period. Plaintiff has routinely worked in excess of 40 weekly hours but was not paid overtime for all of his overtime hours worked. Specifically, Defendant failed to properly enforce and comply with its own companywide "On call" and "Standby" policies that applied to all US-based non-exempt employees until late 2017 when Defendant made the uniform decision to revise these policies in a calculated effort to try and minimize its overtime obligations to Plaintiff and the Class Members. Defendant has acted with reckless disregard to its

obligations under the FLSA.

## II. PARTIES

2. Plaintiff Ihor Nakonecznyj is an individual who was employed by Defendant within the meaning of the FLSA from approximately September 2015 until December 2018 as an hourly-paid, non-exempt, and admittedly overtime eligible worker. His consent to join this matter is attached as "Exhibit A."

3. The individuals who are similarly situated to Plaintiff ("Class Members") are those individuals who also worked for Defendant as hourly-paid, non-exempt, and admittedly overtime eligible workers, were subject to the same companywide "On call" and "Standby" policies that applied to all US-based non-exempt employees until late 2017, attached as "Exhibit B," and have not previously and timely consented to pursue their claims in *Wesley v. Experian Information Solutions, Inc.*, Case No. 4:18-cv-00005 (E.D. Tex.- Sherman).

4. Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a corporation that may be served via its registered agent C T Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136 USA.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties reside in this District.

## IV. COVERAGE

7. At all relevant times, Defendant has been an employer within the meaning of Section 3(d) of the FLSA.

8. At all relevant times, Defendant has been an enterprise within the meaning of

Section 3(r) of the FLSA and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1). Further, Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). At all times hereinafter mentioned, Plaintiff and Potential Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.  GENERAL FACTUAL ALLEGATIONS

9. Defendant does more than $500,000.00 in business per year.

10. Defendant operates offices that employ Potential Plaintiffs throughout the United States. Plaintiff was employed by Defendant out of Defendant's Allen, Texas location and within this District as an hourly-paid, non-exempt worker.

11. Plaintiff was employed in this capacity within the statutory period and since approximately September 2015.

12. Until approximately 2017, Defendant maintained an "On call" policy that uniformly applied to all US-based non-exempt employees, which assured

> *Any time that you actually provide assistance – over the telephone, by logging in to work remotely, or by reporting to work – is work time for which you will receive your regular rate of pay or overtime pay, as appropriate.* See Exhibit B, ¶ 3.1.

13. Until approximately 2017, Defendant maintained a "Standby" policy that uniformly applied to all US-based non-exempt employees, which assured

> *If, because of critical business needs, you are required to be more immediately available to begin work than the on-call standards, these hours would be considered standby time and you will receive your regular or overtime rate of pay*

*for all standby time.* See Exhibit B, ¶ 3.3.

14. During this time, Plaintiff and the Class Members have routinely been required to work at least 40 hours per workweek, meaning that any additional time spent "on call" or on "standby" would be owed at time-and-one-half overtime rates.

15. Despite the assurances provided in its own policies and its legal obligations under the FLSA requiring that this overtime worked be compensated at overtime rates, Defendant, on its own or through agents and employees, failed to record and pay for time, including overtime, these employees spent working on Defendant's behalf.

16. Defendant knowingly, willfully, or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime and straight time compensation with respect to Plaintiff and the Class Members. Defendant has been aware of its obligations under the FLSA but failed to pay Plaintiff and its other similarly situated workers as required by the law. In fact, Defendant employed the attached uniform pay policies exhibiting its awareness that this time needed to be compensated at Plaintiffs' regular and overtime rates. Defendant has been made aware that these individuals worked excessive, overtime hours but failed to pay Plaintiff properly and, in fact, instructed Class Members not to record their on-call time, standby time, or actual hours of work, exhibiting a willful violation of the law. Defendant's practices have also been previously subject to litigation and investigations but Defendant chose not to bring its pay plan and practices fully into compliance with the FLSA. Defendant has willfully violated the FLSA.

### VI.   COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this matter as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), which may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b) and on behalf of those individuals who also worked for Defendant as hourly-paid, non-exempt, and admittedly overtime eligible workers, were subject to the same companywide "On call" and

"Standby" policies that applied to all US-based non-exempt employees until late 2017, attached as "Exhibit B," and have not previously and timely consented to pursue their claims in *Wesley v. Experian Information Solutions, Inc.*, Case No. 4:18-cv-00005 (E.D. Tex.- Sherman).

18. Plaintiff seeks relief on a collective basis challenging Defendant's practice or pay plan that failed to pay Plaintiff time-and-one-half of his regular rates of pay for all hours worked in excess of 40 in a workweek. The Class Members similarly and regularly worked more than 40 hours in a workweek but did not receive lawful overtime pay for all hours worked in excess of 40. The Class Members victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions. Like the Plaintiff, each Class Member was classified by Defendant as an hourly, non-exempt, overtime eligible worker and subject to the same policies. See Exhibit B, ¶ 2. (**Scope: This policy applies to US-based non-exempt employees.**).

19. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experiences are typical of the experience of the Class Members. The precise job requirements of the various Class Members do not prevent collective treatment. All non-exempt, hourly-paid Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

20. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime with respect to Plaintiff and the Class Members.

## VII. CAUSE OF ACTION COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of 40 hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant acted willfully or with reckless disregard in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a. For an Order finding Defendant liable for unpaid back wages due to Plaintiff (and similarly situated employees) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b. For an Order awarding Plaintiff (and similarly situated employees) attorneys' fees and costs;

    c. For an Order awarding Plaintiff (and similarly situated employees) pre-judgment and post-judgment interest at the highest rates allowed by law;

    d. For an Order designating this actions as an action on behalf of the proposed class members and prompt issuance of notice to all class members, apprising them of the pendency of this action; and,

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ J. Forester_____

**J. FORESTER**
*CO-ATTORNEY IN CHARGE*
Texas Bar No. 24087532
**D. MATTHEW HAYNIE\***
Texas Bar No. 24087692
**FORESTER HAYNIE PLLC**
1701 N. Market Street, Suite 210
Dallas, Texas 75202
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com
matthew@foresterhaynie.com
\*Application for Admission Forthcoming

**JILL J. WEINBERG**
*CO-ATTORNEY IN CHARGE*
Texas Bar No. 2108440
**WEINBERG LAW FIRM, PLLC**
6425 Willow Creek Drive
Plano, Texas 75093
Telephone: (972) 403-3330
jillwlfirm@gmail.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is the Original Complaint. Service of this Complaint will be made on Defendant with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ J. Forester_____
 **J. FORESTER**